FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2005 APR 12 AM 11:59

CLERK, U.S. DISTRICT COURT
OCALA, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 5:05-cr-16-OC-10GRJ

HILLANDALE FARMS OF FLORIDA, INC.

## PLEA AGREEMENT

**A.     Particularized Terms**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Paul I. Perez, United States Attorney for the Middle District of Florida, and the defendant, Hillandale Farms of Florida, Inc., and the attorney for the defendant, William J. Sheppard, mutually agree as follows:

**1.     Count Pleading To**

The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with a willful violation of a standard, rule, or order promulgated pursuant to 29 U.S.C. § 655 causing death to an employee, in violation of 29 U.S.C. § 666(e).

**2.     Maximum Penalties**

Count One carries a maximum sentence of not more than 5 years supervised probation, a fine of $500,000.00, and a special assessment of $50.00, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the

Defendant's Initials _____           AF Approval _____
                                       Chief Approval  CJA

offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3. **Elements of the Offense**

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

**First**: That the defendant, Hillandale Farms of Florida, Inc., was an employer engaged in a business affecting interstate commerce;

**Second**: That the defendant, Hillandale Farms of Florida, Inc., willfully violated, by act or omission, an Occupational Health and Safety Act standard, rule or order promulgated pursuant to 29 U.S.C. § 655; and

**Third**: That the violation, by act or omission, of the standard, rule, or order promulgated pursuant to 29 U.S.C. § 655 caused the death of an employee.

4. **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge the defendant or the defendant's officers, directors, shareholders, or employees with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials _____   2   Chief Approval _____

5. **Corporate Defendant**

The undersigned corporate officer or representative of the defendant hereby certifies that he is authorized by the defendant corporation to act on its behalf, to plead guilty to the charge alleged in the Information, and to enter into this plea agreement, and that a corporate resolution so empowering said officer or representative has been duly made and approved by said corporation. Said defendant corporation either has implemented or will, by the time of sentencing, implement an effective program to prevent and detect violations of law, which program shall require the exercise of due diligence. The defendant corporation further agrees that such a program may be made a special condition of probation, should the Court determine that a sentence of probation is appropriate.

B. **Standard Terms and Conditions**

1. **Restitution, Special Assessment**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or § 3579, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the

Defendant's Initials     3        Chief Approval CSA

Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.

2. **Fine**

The United States recommends and the defendant agrees to the payment of a fine in the amount of $128,800.00.

3. **Supervised Probation**

The United States recommends 3 years of supervised probation and the defendant agrees to a 3-year term of supervised probation.

4. **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim

Defendant's Initials           4          Chief Approval  CJA

named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

5. **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

## 6. Special Conditions of Supervised Probation

The United States recommends and the defendant agrees to the following special conditions of supervised probation:

a. Hillandale Farms of Florida, Inc. will pay a fine in the amount of $128,800.00 payable in three equal installments, the first payment due at sentencing; the second payment payable one (1) year from the date of sentencing; and the third payment payable two (2) years from the date of sentencing.

b. Hillandale Farms of Florida, Inc. will permit OSHA to conduct one (1) unannounced inspection at the facility where the accident occurred during each year of the probationary term. Such inspections shall be in addition to any inspections which OSHA would conduct pursuant to its normal operating procedures.

c. Hillandale Farms of Florida, Inc., will implement a corporate-wide safety and health training program and provide training on the requirements of Subpart R - Grain Handling Facilities, 29 C.F.R. 1910.272, to all of their employees covered by the requirements of 29 C.F.R. 1910.272, within thirty (30) days of the date of sentencing and annually thereafter during the probationary term.

d. Hillandale Farms. of Florida, Inc., will hire an independent, third-party certified safety professional consultant (*e.g.* Certified Safety Professional) to conduct annual audits of the confined space entry program. The annual audits will include an annual visit to the Bushnell facility to conduct an on-site evaluation of the confined space program and to provide an annual written audit of the program to the Tampa (OSHA) Area Office, U.S. Department of Labor, 5807 Breckenridge Pky, Suite A, Tampa, Florida 33610 and to Hillandale Farms of Florida, Inc.

Defendant's Initials _____   6   Chief Approval _____

e. Hillandale Farms of Florida, Inc., agrees to submit an article for publication to the Milling Journal and to the Grain Journal on confined space entry programs and grain silos.

f. Hillandale Farms of Florida, Inc., will offer and provide assistance to the University of Florida Agricultural Extension Service for the development of Confined Space Entry Handouts and training tools. One-page handouts will be developed within 2 years.

7. **Appeal of Sentence-Waiver**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

Defendant's Initials _[initials]_    7    Chief Approval _CJA_

8. **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. **Filing of Agreement**

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine

Defendant's Initials _____    8    Chief Approval _____

the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

### FACTS

Hillandale Farms of Florida, Inc., is a Florida corporation with its principal place of business in Lake City, Florida. Hillandale Farms of Florida, Inc., owns a feed mill in Sumter County, Florida, that is engaged in the business of manufacturing feed which is

Defendant's Initials _____     9     Chief Approval CJA

sold to retail businesses and also to Hillandale Farms, Inc., a corporation closely related to Hillandale Farms of Florida, Inc.

On May 1, 2002, Michael Collins, an employee of Hillandale Farms, Inc. entered a grain silo that was forty-two (42) feet high and forty (40) feet in diameter to restore the flow of corn in the silo. While inside the grain silo, Collins was not equipped with the proper safety equipment and instead, entered the silo with only a shovel to remove clogged corn. While inside the silo, Collins became engulfed in the corn and died. At the time of Collins' death, Hillandale Farms of Florida, Inc., did not own the proper safety equipment for Collins to wear. If Collins had been equipped with the proper safety equipment, he would not have died. 29 C.F.R. § 1910.272(g)(2) provides in pertinent part:

> Whenever an employee enters a grain storage structure from a level at or above the level of the stored grain or grain products, or whenever an employee walks or stands on or in stored grain of a depth which poses an engulfment hazard, the employer shall equip the employee with a body harness with lifeline, or a boatswain's chair that meets the requirement of subpart D of this part.

29 C.F.R. § 1910.272(g)(2) is a standard promulgated pursuant to 29 U.S.C. § 655.

Hillandale Farms of Florida, Inc., is a corporation that's been in the feed mill business since 1973. Hillandale Farms of Florida, Inc., knew through the mill manager and other employees that occasionally employees had to enter the grain silo to get the corn flowing. Hillandale Farms of Florida, Inc., also knew through the mill manager and other employees of the dangers associated with entering large silos and had installed equipment on one of their silos so that employees did not have to enter the silo. Similar

Defendant's Initials _KB_      10      Chief Approval _CJA_

equipment had been purchased for installation on the silo where Collins died. However, the equipment had not been installed at the time of Collins' death.

### 12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

### 13. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 6th day of April, 2005.

PAUL I. PEREZ
United States Attorney

_____          By: _____
Hillandale Farms of Florida, Inc.        Sandra W. Deisler
Defendant                                Assistant United States Attorney

_____          _____
William J. Sheppard                      Carolyn J. Adams
Attorney for Defendant                   Assistant United States Attorney
                                         Chief, Orlando Division

11